IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**HELENA AGRI-ENTERPRISES, LLC,**
**f/k/a HELENA CHEMICAL COMPANY,**
**d/b/a HELENA FINANCE,**

      **Plaintiff,**

v.

**CRANSTON ENTERPRISES, INC. and**
**DONALD CRANSTON,**

      **Defendants.**

Case No. 20-2465-DDC-TJJ

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff Helena Agri-Enterprises's Application for Entry of Default Judgment (Doc. 14). Plaintiff asks the court to enter default judgment against defendants Cranston Enterprises, Inc. and Donald Cranston under Fed. R. Civ. P. 55. For reasons explained below, the court grants the motion and directs the Clerk of the Court to enter a default judgment consistent with this Order.

**I.   Background**

Plaintiff served each defendant with a summons and the Complaint (Doc. 1) on October 6, 2020. Doc. 5; Doc. 6. And both have failed to answer, appear, or otherwise defend in this action as required by law. So, each defendant is in default under Fed. R. Civ. P. 55. On December 1, 2020, the Clerk of the Court entered default against defendants. Doc. 13.

Plaintiff's Complaint asserts four claims:  (1) Breach of a Loan Agreement (Count 1) against both defendants, (2) Quantum Meruit (Count II) against both defendants, (3) Account Stated (Count III) against both defendants, and (4) Breach of a Guaranty Agreement against defendant Donald Cranston. Doc. 1 at 5–8. Plaintiff's Application for Entry of Default

Judgment only seeks default judgment against plaintiff's Counts I and IV.  And, plaintiff seeks damages in the amount of $150,299.55 in principal, plus $19,989.24 in accrued interest through August 31, 2020, plus interest thereafter at the contract rate of $61.47 per diem until paid in full, plus $9,945.03 for attorney's fees, plus $641.60 in costs.  Doc. 14 at 1.

## II.     Legal Standard

When ruling on a motion for default judgment, the court takes the factual allegations in the complaint as true, "except for those relating to the amount of damages."  *Hermeris, Inc. v. McBrien*, No. 10-2483-JAR, 2012 WL 1091581, at *1 (D. Kan. Mar. 30, 2012).  The court may award damages "'only if the record adequately reflects the basis for [the] award via a hearing or a demonstration by detailed affidavits establishing the necessary facts.'"  *DeMarsh v. Tornado Innovations, L.P.*, No. 08-2588-JWL, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (further citations and internal quotation marks omitted)).

## III.    Discussion

Along with the Motion for Default Judgment (Doc. 14), plaintiff filed exhibits establishing the amount of the requested damages and attorneys' fees.  *See* Doc. 14-2 (Honas Aff.); Doc. 14-3 (Struby Aff.); Doc. 14-4 (Ex. 1 to Struby Aff.).  The court has reviewed plaintiff's supporting materials and finds that the record adequately reflects the basis for the award requested.  *See Hermeris, Inc. v. McBrien*, No. 10-2483-JAR, 2012 WL 1091581, at *2 (D. Kan. Mar. 30, 2012) (finding no hearing was required when the record "contains sufficiently detailed affidavits and other documents by which the Court can determine damages without an evidentiary hearing").  So, the court grants plaintiff's request for entry of default judgment in the amounts plaintiff requests.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Entry of Default Judgment (Doc. 14) is granted for Counts I and IV (Breach of Loan Agreement and related Guaranty).  Under Fed. R. Civ. P. 55 and Local Rule 77.2, the Clerk of the Court is instructed to enter judgment against defendants Cranston Enterprises, Inc. and Donald Cranston, jointly and severally, in the amount of $150,299.55 in principal, plus accrued interest through August 31, 2020 in the amount of $19,989.24, plus interest thereafter at the contract rate of $61.47 per diem until paid in full, plus $9,945.03 for attorneys' fees, plus $641.60 in costs.

**IT IS FURTHER ORDERED** that Counts II and III (Quantum Meruit and Account Stated) are moot given the court's award of default judgment on Counts I and IV, and accordingly Counts II and III are dismissed without prejudice.

**IT IS SO ORDERED.**

**Dated this 1st day of February, 2021, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**